IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

PATRICK GORDON and SUZANNE GORDON,

    Plaintiffs,

v.

AMCO INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

Defendant AMCO Insurance Company ("AMCO"), through its undersigned counsel, submits this Notice of Removal of this matter to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, AMCO states as follows:

1. On July 19, 2019, plaintiffs Patrick Gordon and Suzanne Gordon filed a Complaint and Jury Demand in the District Court for the County of Teller, Colorado, captioned *Patrick and Suzanne Gordon v. AMCO Insurance Company*, Case No. 2019-CV-30059. The Complaint was served on the Colorado Division of Insurance as registered agent for AMCO on August 2, 2019.

2. This Notice of Removal is filed within the thirty-day requirement under 28 U.S.C. § 1446(b).

3. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original

jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds a sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Removal is appropriate here because there is complete diversity between the parties. "For purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile. To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Both plaintiffs are "resident[s] of the State of Florida". (Compl., ¶¶ 1-2). Plaintiffs have reported no other residence or place of domicile in this case. Based on the foregoing, plaintiffs are domiciled in Florida.

6. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant AMCO is a corporation incorporated in the State of Iowa with its principal place of business in Iowa. (Compl, ¶ 3). *See also* Colorado Secretary of State Certification and Report, attached as **Exhibit A**. AMCO is now and was at all relevant times a citizen of the State of Iowa for purposes of diversity jurisdiction.

7. No change of citizenship of the parties has occurred since the commencement of this action. Under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between plaintiffs and AMCO.

8. This Court has diversity jurisdiction where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1224 (10th Cir. 2001). The amount in controversy must be determined by the allegations contained in the complaint or, if not dispositive, by the allegations in the Notice of Removal. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Where the complaint is inconclusive regarding the amount of damages sought, the Court may look to other sources to demonstrate jurisdictional facts, including "'contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence. . . about how much it would cost to satisfy the plaintiff's demands.'" *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (Easterbrook, J.)).

9. The amount in controversy here exceeds the sum of $75,000, exclusive of interest and costs. Plaintiffs allege AMCO issued them "an all risk policy providing Business Personal Property coverage in the amount of $60,000", in addition to "coverage for loss of income", for property located at 730 E. US Highway 24, Woodland Park, Colorado. (Compl., ¶¶ 8-10). Plaintiffs allege a theft occurred at the property and that they made a claim to AMCO for "direct physical loss and/or damage to their Business Personal Property". *Id.* at ¶ 18. Plaintiffs further allege they have not been able to rent the property and "have been deprived of rental income in

the amount of at least $1,950 per month since discovery of the theft on July 19, 2018." *Id.* at ¶ 23.  Plaintiffs allege AMCO denied the claim and "refuses to acknowledge that the loss is covered by the covered by the terms of the Policy." *Id.* at ¶ 25.  Plaintiffs assert three claims for relief: (1) breach of contract, (2) bad faith breach of insurance contract, and (3) unreasonable delay and denial of payment of covered benefits pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116(B).  Plaintiffs claim they are entitled to recover the replacement value of the business personal property, loss of rental income since July 19, 2018, "twice the covered insurance benefit", "attorney's fees and costs pursuant to C.R.S. § 10-3-1116(1)", and pre- and post-judgment interest. *Id.* at WHEREFORE clause.  If plaintiffs prevail on their breach of contract claim and receive double damages under Colo. Rev. Stat. §§ 10-3-1115 and -1116, they will recover at least $75,000, plus attorneys' fees and costs incurred in this litigation. *Id.* at ¶¶ 18, 23 (claiming plaintiffs have suffered a loss of $60,000 in business personal property plus $1,950 per month in loss of rental income since July 19, 2018[1]).

      10.    Courts in this district have concluded the amount in controversy exceeds the jurisdictional amount when an insured brings a claim for breach of contract and also seeks to recover double the amount of the covered benefit pursuant to Colo. Rev. Stat. § 10-3-1116, plus attorneys' fees. *See Cox v. Lincoln Nat'l Life Ins. Co.*, 2010 U.S. Dist. LEXIS 134517, *10 (D. Colo. Dec. 9, 2010) (the amount in controversy was satisfied when the plaintiff alleged the defendant was required to pay insurance benefits and also asserted a claim for double damages under Colo. Rev. Stat. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.*, 2013 U.S. Dist. LEXIS 51240, *9-10 (D. Colo. Mar. 18, 2013) (finding a plaintiff's claim for statutory damages

---

[1] As of August 21, 2019, this amounts to $25,350 in alleged loss of rental income.

under Colo. Rev. Stat. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal). Thus, plaintiffs' claims for attorneys' fees are properly considered in determining the amount in controversy. *Washington*, 2013 U.S. Dist. LEXIS 51240, *10-11; *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (finding that "[t]he Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship."). In this district, it is not unusual for attorney fee claims in first-party insurance bad faith cases to exceed $100,000. *See Etherton v. Owners Ins. Co.*, 2015 U.S. Dist. LEXIS 24765 (D. Colo. March 2, 2015) (awarding plaintiff $175,170 in attorneys' fees); *Adamscheck v. Am. Family Mut. Ins.*, 2015 U.S. Dist. LEXIS 36979 (D. Colo. March 24, 2015) (awarding $122,936 in attorneys' fees).

11. The state court Case Civil Case Cover Sheet provides further evidence that plaintiffs value their claims in excess of the jurisdictional limit. On the Civil Case Cover Sheet filed on July 19, 2019, plaintiffs indicated the case was not governed by Colorado's simplified procedure pursuant to Colo. R. Civ. P. 16.1 because plaintiffs are seeking a "monetary judgment against another party for more than $100,000, including any penalties or punitive damages, but excluding attorney fees, interest and costs". The Court of Appeals for the Tenth Circuit has concluded that a civil case coversheet is an "other paper" and, therefore, provides an appropriate basis to support the jurisdiction amount in controversy for purposes of removal. *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016).

12. Pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate court for filing a Notice of Removal from the District Court for the County of Teller, Colorado, where the state court case is currently pending.

13. Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCivR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the state court clerk's office.  Within fourteen days of the filing of this Notice of Removal, AMCO will file a current state court docket sheet (register of actions) and will separately file each pending motion, petition, and related response, reply, and brief.  Copies of the state court Complaint, Civil Case Cover Sheet, and any Answers or Returns of Service, or orders served upon AMCO are submitted contemporaneously with this Notice pursuant to 28 U.S.C. § 1446(a).

DATED this the 21st day of August, 2019.

/s/ Christine M. Kroupa
John M. Palmeri, Esq.
Christine M. Kroupa, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
jpalmeri@gordonrees.com
ckroupa@grsm.com
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this the 21st day of August, 2019 addressed to:

Richard W. Hanes, Esq.                [*copy via Colorado Courts E-Filing System*]
HANES & BARTELS LLC
102 S. Tejon Street, Suite 800
Colorado Springs, CO 80903
rwh@hhbcolorado.com

Clerk of the Civil Division           [*copy filed via Colorado Courts E-Filing System*]
Teller County District Court
101 W. Bennett Avenue
P.O. Box 997
Cripple Creek, Colorado 80813

/s/ Christine M. Kroupa
John M. Palmeri, Esq.
Christine M. Kroupa, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
jpalmeri@gordonrees.com
ckroupa@grsm.com
*Attorneys for Defendant*